UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD CONLEY, JR.                               CIVIL ACTION

VERSUS                                           NO. 23-860

TANGIPAHOA PARISH JAIL, *et al.*                 SECTION M (2)

## ORDER & REASONS

Before the Court is a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant the Parish of Tangipahoa ("the Parish").[1] The motion was set for submission on December 12, 2024.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance December 4, 2024. Plaintiff Donald Conley, Jr., who is not represented by counsel, did not file an opposition to the motion.[3] Accordingly, because the motion is unopposed and appears to have merit,[4]

---

[1] R. Doc. 35.

[2] R. Doc. 39.

[3] A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Further, courts "expect [*pro se*] litigants to meet court deadlines and observe the rules of civil procedure." *Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015).

[4] The Parish argues that it is not a proper party to plaintiff's only remaining claim, one arising under 42 U.S.C. § 1983 and alleging a violation of Conley's First Amendment right to be free from mail censorship without penological purpose. R. Doc. 35-1. The Parish argues that this claim relates to the management of the jail and, as such, the proper party is defendant Sheriff Daniel Edwards. *Id.* Under Louisiana law, the sheriff controls the operation of the parish jail. La. R.S. 13:5539(C). "The [p]arish exercises no power or discretion in the functioning of the Sheriff's office or the jail. The [p]arish's responsibility to the jail is limited to the funding of the jail. The [p]arish's fiscal responsibility for the jail does not constitute authority to control how the Sheriff fulfills his duties. Under this scheme, the Sheriff's policy-making decisions as well as his day-to-day decisions regarding the management of the jail, cannot be imputed to the Parish." *Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (internal citations omitted). Thus, defendant Sheriff Edwards is the proper party to Conley's only remaining claim and the Parish's motion to dismiss must be granted.

IT IS ORDERED that the Parish's motion to dismiss (R. Doc. 35) is GRANTED, and Conley's claims against it are DISMISSED WITH PREJUDICE.[5]

New Orleans, Louisiana, this 7th day of January, 2025.

                                               _____
                                               BARRY W. ASHE
                                               UNITED STATES DISTRICT JUDGE

---

[5] With this Order, the Court has resolved all Rule 12 motions, issue is joined, and the Court will proceed to set a scheduling conference, as is its usual practice. Conley has also filed a document titled "motion for trial" (R. Doc. 40), essentially asking that the matter be set for trial, which will be done in the normal course at the scheduling conference. Accordingly, Conley's motion for trial (R. Doc. 40) is DENIED AS MOOT.